IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON PARMELEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Number 20-cv-543-DWD |
| ) | |
| WARDEN WILLIAMS, ) | |
| ) | |
| Respondent. ) | |

## RESPONSE TO HABEAS CORPUS PETITION

Respondent, Warden Williams, by and through his attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Nathan E. Wyatt, Assistant United States Attorney, responds to Petitioner, Jason Parmeley's, Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241.

## VENUE, PERSONAL JURISDICTION, AND THE PROPER RESPONDENT

On June 9, 2020, Parmeley filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). At the time he filed his petition, Parmeley was incarcerated at FCI-Greenville, Illinois. Since filing his Petition, Parmeley has been transferred from FCI-Greenville to the Titus County Jail in Mt. Pleasant, TX on a *writ of habeas corpus ad prosequendum* for a new federal prosecution. *See United States v. Parmeley*, 20-cr-10 (E.D.TX). Parmeley is still in primary federal custody and is still serving his federal sentence while at the Titus County Jail. He is currently due for release from federal custody on February 5, 2028. *See* BOP Inmate Locator https://www.bop.gov/inmateloc/

Generally, venue in a *habeas* proceeding is proper in the district where the petitioner is

1

confined, and the proper respondent is the current custodian. *Moore v. Olson,* 368 F.3d 757, 758–60 (7th Cir.2004); *al-Marri v. Rumsfeld,* 360F.3d 707, 712 (7th Cir.2004). In this case, to the extent the defenses of venue or personal jurisdiction might apply, Respondent is hereby waiving those defenses. *See Moore*, 368 F.3d at 759 (holding the location where a federal inmate brings his habeas petition is subject to forfeiture or waiver by the respondent).

Respondent notes Parmeley challenges a loss of good conduct time based on an incident report involving events at FCI-Greenville in the Southern District of Illinois. Further, the government has already filed a response in this District in a related case, which is still pending before the Court. *See Burns v. Williams*, 20-cv-544-SPM (a 2241 petition by Parmeley's cellmate challenging lost good conduct time related to the same incident report involved here). Additionally, any restoration of good conduct time ordered by the Court in this case (41 days at issue) would, as a practical matter, be addressed by the Bureau of Prisons in their sentence calculation, not by the current custodian at the Titus County Jail.

Nonetheless, the government draws the change in custody to the attention of the Court as seems to be required by *Harris v. Warden*, 425 F.3d 386 (7th Cir. 2005). Although Parmeley remains in primary federal custody while he is in Texas on a *writ*, it appears the person who presently has physical custody over Parmeley is Titus County Sheriff Tim Ingram. *See* https://www.tcsoinfo.com/jail.

**BACKGROUND**

On January 5, 2020, Bureau of Prisons Correctional Officer W. May conducted a search of Cell 241 at FCI-Greenville, which, at the time, housed inmates Parmeley and Jacob Burns. *See*

2

Ex 1 (Declaration of Discipline Hearing Administrator Joseph Wilson), Att. 1 (DHO Packet), pp. 2-3 (Incident Report).[1]

During May's search of the cell, she found a "yellowish small square piece of paper with marking around the edges." *Id*. at 4. She sent the paper to the Lieutenants' office for testing. *Id.* The paper was tested the same day it was received. *See* Ex. 1, Att. 1, p. 7. The paper square was described as "¼ x ¼ inch square." *Id*. Small pieces of the paper were tested using Narcotics Identification Kit tests A, U and K. Test Kit A returned a positive result for opium alkaloids. Test Kit U was negative for methamphetamine. Test Kit K was positive for Buprenorphine. *Id*. Buprenorphine is an opioid used to treat opioid dependence. Because of buprenorphine's opioid effects, it can be misused. *See* Substance Abuse and Mental Health Services Administration website, https://www.samhsa.gov/medication-assisted-treatment/treatment/buprenorphine. Photographs were taken of the paper and the test kits. *See* Ex. 1, Att. 1, at pp. 8-11.

The incident report charged Parmeley with "possession of any narcotic," and the report was delivered to Parmeley on January 6, 2020. *Id*. at pp. 2-3. Incident reports are reviewed by a Unit Discipline Committee ("UDC"). 28 C.F.R. § 541.7. The UDC has several options when reviewing an incident report, including a referral of the report to the Disciplinary Hearing Officer ("DHO") for further review, based on the seriousness of the prohibited act charged. *See id.* If the UDC refers the incident report to the DHO for further review, the UDC will advise the inmate of his rights at the upcoming DHO hearing, as detailed in 28 C.F.R. § 541.8.

---

[1] Burns has his own habeas petition pending before the Court regarding the same incident. *See Burns v. Williams,* 20-cv-544-SPM (S.D.Ill.).

In this case, on January 8, 2020, the UDC hearing referred the charges for a DHO hearing. *See* Ex. 1, Att. 1, at p. 2. Also on January 8, Parmeley was served with a notice advising him that a DHO hearing would be scheduled and informing him of his rights before the DHO. *Id*. at pp. 4-5. Parmeley signed acknowledging receipt of the notice. *Id*. Parmeley did not request a staff representative. He did ask for a single witness, his cellmate Jacob Burns. *Id.* at 5. Parmeley indicated Burns would testify that "the item found does not belong to Parmeley." *Id*.

On February 5, 2020, Discipline Hearing Officer Michael Puckett conducted a hearing. *See* Ex. 1, Att. 1, at pp. 22-24 (DHO Report). At the hearing, Parmeley presented a written statement by Inmate Burns. *See* Ex. 1, Att. 1 at pp. 6, 22. According to Burns's statement, the paper found in Cell 241 that tested positive belonged to Burns and "Parmeley did not know anything about it." *Id*. Further, Parmeley continued to deny that the paper belonged to him. The DHO considered the incident report, the test results and photographs, Parmeley's denial, and the statement by Inmate Burns. *See* Ex. 1, Att. 1, pp. 22-24.

> The DHO considered the written statement by your witness. Although your cellmate testified that the drugs belonged to him, the drugs were found in a common area of the cell. All inmates assigned to the cell are responsible for ensuring their cell is free of contraband. When items are found in common areas, all inmates are held accountable. Statements from other inmates are found credible when there is corroborating evidence in conjunction with the admission. In this case, there is no corroborating evidence to support the admission of your cellmate.

*See id*. at 23.

The DHO found Parmeley guilty of the charged conduct and sanctioned Parmeley to 41 days disallowance of good conduct time. *Id*. at pp. 22-24. The DHO Report was not completed until about two months after the hearing, on April 3, 2020. *Id.* at 24. The Report was not delivered to Burns until July 16, 2020. *Id*.

4

The Bureau of Prisons has established an administrative remedy procedure through which an inmate may seek formal review of a complaint relating to any aspect of his confinement. *See* 28 C.F.R. § 542.10 *et seq*. For an appeal of a DHO decision, the appeal shall be sent directly to the Regional Office, without first being submitted to the Warden. 28 C.F.R. §542.14(d)(2). The inmate must file the appeal within 20 days of receiving the DHO Report. *See* Doc. 1, p. 25; 28 C.F.R. § 542.15. If the inmate is unhappy with the Regional response, he may file a final appeal with the Central Office in Washington, D.C. (BP-11) within 30 days of the Regional decision. 28 C.F.R. § 542.15. An inmate may not raise on appeal issues not raised at lower levels. *See* 28 C.F.R. § 542.15(b)(2).

In this case, while Parmeley was awaiting delivery of the DHO Report, Parmeley submitted an administrative remedy appeal to the Regional Office in May 2020. *See* Doc.1, pp 9-10. Parmeley's attempted administrative appeal was rejected, because Parmeley did not attach the DHO's Report. *See id*. at 10.

On June 9, 2020, Parmeley filed the habeas petition now before the Court. At that point, Parmeley had still not received a copy of the DHO Report and thus had not been able to complete the administrative appeal process. In his petition, Parmeley first argues he should be excused from exhausting the administrative appeal process, because the remedies were not available to him due to the delayed delivery of the DHO Report. *See* Doc. 1, pp. 3-4. Second, he argues the charge against him was not supported by sufficient evidence. *See id*. at pp. 4-5. In particular, he challenges the validity of the drug test results, arguing that the multiple tests returned contradictory results. *See id*. at p. 4, ¶ 24. Parmeley also points out that his cellmate, Burns, took responsibility for possession of the contraband. *See id*. at pp. 4-5, ¶¶ 25, 32-33.

Finally, Parmeley argues that as many as 120 inmates might have had access to his cell and that, therefore, the evidence is insufficient to show he possessed the prohibited substance. *See id.* at pp. 4-5, ¶¶ 34-37.

## STANDARD OF REVIEW

In *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974), the Supreme Court defined the due process rights to be afforded inmates in prison disciplinary proceedings. The Court required that the inmate be provided with (1) advance written notice of the charges, (2) a right to call witnesses and present documentary evidence, and (3) a written statement by the fact finders of the evidence relied upon and the reasons for the disciplinary action. In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court set forth the standard of proof required in the context of prison disciplinary proceedings in order to meet the minimum requirements of procedural due process. The Supreme Court requires that the record need only contain "some evidence" to support the finding of the DHO. The court "will overturn the DHO's decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

The "some evidence" standard does not require a court to re-examine the entire record, make independent assessments of credibility of witnesses, or weigh the evidence. *Hill*, 472 U.S. at 455. Rather, it requires nothing more than a determination that the DHO's decision was not arbitrary or without support in the record. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Some evidence is a lenient standard requiring only meager proof so long as the record is not so devoid of evidence that the charges are either without support or arbitrary. *Webb v.*

*Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. *Wolff*, 418 U.S. at 556. Revocation of good time is not comparable to a criminal conviction and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than "some evidence" applies in that context. *Hill*, 472 U.S. at 456.

## ARGUMENT

### *Respondent Waives the Issue of Exhaustion of Administrative Appeals*

As a preliminary matter, Respondent waives the issue of exhaustion of administrative appeals. Exhaustion is an affirmative defense that can be waived. Respondent does not intend to concede that administrative remedies were unavailable to Parmeley, but nonetheless Respondent waives the defense. *See Massey v. Helman*, 196 F.3d 727, 734-35 (7th Cir. 2000).

### *The Delay in Issuing the DHO Report Did Not Prejudice Parmeley*

The delay in issuing the DHO Report to Parmeley did not violate his due process rights. The applicable regulation does not set forth a timeline for the Report to be issued, but merely provides that the inmate will receive a copy of the report following the hearing. *See* 28 C.F.R. § 541.8(h). With respect to timing, due process only requires that the inmate receive a copy of the charge against him prior to the disciplinary hearing. *Wolff*, 418 U.S. at 563-66. At some point after the hearing, the inmate must receive a written statement by the fact finder of the evidence relied upon. *Id*. Due process does not mandate when the hearing must occur or when the written statement must be issued. Any delays in this case did not prejudice Parmeley, and thus any conceivable due process violation was harmless. *See Jones*, 637 F.3d at 846-847.

### *The DHO's Decision is Supported by Some Evidence*

The Court should deny Parmeley's petition, because the DHO's decision is supported by more than enough evidence to satisfy the "some evidence" standard. The DHO's decision is supported by the incident report and the drug tests showing the paper found in Parmeley's cell contained Buprenorphine—a non-prescribed opioid.

The DHO was on firm ground in concluding an inmate can be held responsible for the contents of his cell, even though the cell was shared by another inmate. *See Hamilton v. O'Leary*, 976 F.2d 341, 345-46 (7th Cir. 1992) (holding state inmate's due process rights had not been violated by revocation of good time credit where weapons were found in a cell occupied by inmate and three cellmates); *Adefumi v. Cross*, No. 11-cv-00202-DRH, 2011 WL 1213161 (S.D. Ill. March 31, 2011) (Judge Herndon) (dismissing habeas petition on threshold review because some evidence existed to support charge of possession of marijuana where drugs were found in inmate's locker, even though the inmate shared the locker with his cellmate; stating that "the criminal definition of possession is not at issue"); *Arnold v. Sherrod*, No. 06-cv-00610-DRH-CJP, 2009 WL 1542794 (S.D. Ill. June 2, 2009) (Judge Herndon) (determining some evidence existed to support charge of possession of drugs found in inmate's cell, even though inmate shared the cell with two other inmates; agreeing with respondent that inmate "had the responsibility to keep his cell area free of contraband").

Further, given the lenient "some evidence" standard, there is sufficient evidence to support the DHO's finding of Parmeley's guilt despite his cellmate's confession. *Giles v. Hanks,* 72 F. App'x 432, 434 (7th Cir.2003) (Even where one inmate claims ownership of contraband, "two individuals may exercise joint possession."); Cardena v. United States, 14-cv-

801-DRH, 2014 WL 3906259, *2 (S.D.Ill. Aug. 8, 2014) (affirming DHO's finding that inmate constructively possessed contraband even though petitioner's cellmate claimed ownership); Dickerson v. Cross, 11-cv-404-DRH, 2011 WL 3471325, *2 (S.D.Ill. Aug. 8, 2011) (same).

These cases are consistent with the general principle that prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Certainly, in the prison context, it is reasonable that prison officials would be suspicious of such cellmate confessions for concern they could be obtained through improper inducement or coercion.

Other arguments raised by Parmeley now that he did not raise at the DHO hearing are waived. At the DHO hearing, Parmeley did not question the validity of the drug testing. Nor did Parmeley suggest other inmates besides himself and Burns had access to Cell 241. The Court should consider those arguments waived.

When an incident report is referred for a DHO hearing, the role of the DHO is to review the evidence and to determine whether there is sufficient evidence in the record to support the charge. In addition to affording the agency an opportunity to weed out unsupported charges, the DHO process ensures that a record is developed for higher levels of appeals. When an issue is not raised before the DHO, then the agency is not given an opportunity to address it or to create an adequate record related to the issue. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("McPherson cannot now demand a new hearing based on evidence that was available to him prior to the [prison disciplinary] hearing. . . . Due process [in the context of prison disciplinary proceedings] does not include a right to submit further evidence on appeal.");

9

*Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (holding that petitioner had waived any complaint about witnesses not being called at his disciplinary hearing by failing to make a timely request for the witnesses prior to the hearing); *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) (stating that if an inmate failed to request review of a videotape before his disciplinary hearing, then the prison could not have denied due process by not reviewing it).

Even if the Court considers the merits of Parmeley's waived arguments, the DHO's decision should still be upheld. Parmeley argues in conclusory fashion that multiple tests of the paper returned contradictory results, thereby demonstrating the invalidity of the test. This is a puzzling argument. The paper found in Parmeley's cell was subjected to three tests. *See* Ex. 1, Att. 1, p. 7. The first test was positive for opium alkaloids. The second test was negative for methamphetamine, which is not inconsistent with the first result. The third test was positive for Buprenorphine, which is a type of opioid and a result consistent with the first test. Without a specific reason to doubt the field test, the DHO reasonably relied on its results. Field-testing or identification is sufficient to satisfy the "some evidence" standard. *See Ellison v. Zatecky*, 820 F.3d 271, 275 (7th Cir. 2016) (noting, in prison-discipline context, that guard's lay identification of substance might be sufficient depending on guard's training and experience); *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004) (concluding that, even in criminal cases, "neither expert testimony nor a chemical test of the substance" is necessary to prove that substance is prohibited); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898-99 & n.3 (5th Cir. 2000) (concluding that results of field test of controlled substance satisfied "some evidence" standard).

Parmeley also argues as many as 120 inmates had access to his cell and that the paper could have belonged to anyone. He does not put forward any evidence showing that other

inmates had such access. To reiterate, Parmeley did not make this argument before the DHO. As a result, no factual record was developed regarding what access other inmates may have had to the cell. It is apparent from the record that Parmeley shared the cell with only one other inmate.

If the Court does consider the merits of this argument, the Court will see that Parmeley relies on *Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992). Specifically, he cites language from the dissent in *Hamilton*, which suggests a weapons possession charge would not be supported by "some evidence" if eight inmates had equal access the area where the weapons were found. The majority decision tells a different story. The majority affirmed the revocation of Hamilton's good time credit where weapons were found in a cell shared by Hamilton and three other inmates. Hamilton argued that as many as 32 inmates had access to the area where the weapon was found. *Id.* at 345. The Court stated that if 32 inmates had access to the area and there was only a 3.1% chance Hamilton was guilty, then the Court would doubt the "some evidence" standard was satisfied. *Id*. The problem, the Court said, was that Hamilton had failed to make the argument before the prison disciplinary committee and failed to offer any evidence to the disciplinary committee that inmates had access to Hamilton's cell, besides Hamilton and the three other inmates housed in the cell. *Id*. The Court stated the scope of its review was "very narrow." *Id*. at 346. The question was only whether there was "any evidence in the record" to support the discipline. *Id*. The Court was not required to examine the entire record or weigh the evidence. *Id*. Further, "only evidence that was presented" to the disciplinary committee was relevant to the Court's analysis. *Id*. The record showed that weapons were found in Hamilton's cell. The cell was shared by Hamilton and three other inmates. Although there was no evidence tying the

11

weapons directly to Hamilton, the 25% chance the weapons belonged to Hamilton was sufficient to satisfy the "some evidence" standard. *Id*.

      In this case, the record shows Parmeley shared his cell with one other inmate. Non-prescribed narcotics were found in the cell. Parmeley did not argue or put on evidence at the DHO hearing that other inmates besides himself and Burns had access to the area where the drugs were found. On these facts, there is some evidence to support the DHO's decision.

      Respectfully submitted,

      STEVEN D. WEINHOEFT
      United States Attorney

      */s/ Nathan E. Wyatt*
      NATHAN E. WYATT
      Assistant United States Attorney
      Nine Executive Drive
      Fairview Heights, Illinois 62208-1344
      (618) 628-3700
      (618) 622-3810 (fax)
      Email: Nathan.Wyatt@usdoj.gov

## Certificate of Service

I hereby certify that on January 8, 2021, I electronically filed the foregoing **RESPONSE TO HABEAS CORPUS PETITION** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

and I hereby certify that on January 8, 2021, I also mailed by United States Postal Service, the document to the following non-registered participant:

Jason Parmeley
Reg. No. 13231-045
Titus County Jail
304 South Van Buren
Mt. Pleasant, TX 75455

*s/ Nathan E. Wyatt*
NATHAN E. WYATT
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL  62208-1344
Phone: 618-628-3700
Fax: 618-622-3810
E-mail: Nathan.Wyatt@usdoj.gov