IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON PARMLEY, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| | ) Case No. 3:20-CV-543-DWD |
| vs. | ) |
| | ) |
| WARDEN WILLIAMS, | ) |
| | ) |
| Respondent. | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner Jason Parmeley is a federal inmate who, at the time of filing, was housed at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"). Petitioner filed the instant case pursuant to 28 U.S.C. § 2241, challenging a 2020 disciplinary conviction. Petitioner seeks expungement of the conviction, restoration of his good conduct credit, and an injunction. Warden Williams filed a response (Doc. 15), and Petitioner filed a reply (Doc. 19). For the reasons set forth below, the case is **DISMISSED** with prejudice.

### I. Venue and Exhaustion

As a preliminary matter, the Court notes that, since the filing of the Petition, Petitioner has been transferred to other federal facilities on several occasions. Petitioner is currently housed at Forest City Federal Correctional Institute. Generally, venue in a 2241 *habeas* petition is proper in the district where the petitioner is housed and the proper respondent is the current custodian. *Moore v. Olson*, 368 F.3d 757, 758-60 (7th Cir. 2004).

Respondent, however, has waived any objection to venue or personal jurisdiction, to the extent that such defenses are applicable here. Respondent has also waived the issue of exhaustion. Accordingly, the Court need not address Petitioner's arguments as why he should be excused from exhausting his administrative remedies.

## II.   Background

On January 5, 2020, Petitioner's cell, which he shared with inmate Jacob Burns, was randomly searched. Officials discovered a small yellowish piece of paper beneath a homemade candle. Officials tested the material using three Narcotics Identifications Kits ("NIK"): Test Kit A, Test Kit U, and Test Kit K. The NIK test kits returned a positive result for opium alkaloids, a negative result for methamphetamine, and a positive result for Buprenorphine (an opioid used to treat Opioid Use Disorder).

An incident report charging Petitioner with "possession of any narcotic," was delivered to Petitioner on January 6, 2020. After review by the Unit Discipline Committee ("UDC"), the UDC referred the report to the Disciplinary Hearing Officer ("DHO") for further review. Petitioner was served with a notice of the referral, which included information on hearing scheduling and his rights before the DHO. Petitioner declined a staff representative but requested the testimony of Jacob Burns.

The DHO conducted a hearing on February 5, 2020. Petitioner presented a written statement from Burns indicating that the contraband belonged to Burns and Petitioner had no knowledge of it. The Petitioner also denied that the contraband belonged to him. The DHO found Petitioner guilty of the charge. As a sanction, Petitioner lost 41 days of good conduct credit and was placed on restrictions for 90 days. The DHO report was not

completed until about two months after the hearing, and it was not delivered to Burns until July 16, 2020. Petitioner appealed the decision before receiving a copy of the report. The appeal was rejected because it did not include a copy of the DHO report.

Petitioner contends that he should be excused from exhausting his administrative remedies because preparation of the DHO report was delayed for two months. Although not entirely clear, he may also be arguing that the delay violated his due process rights. Petitioner further claims that the charge against him was not supported by sufficient evidence. As to this claim, Petitioner points to Burns' confession. He also claims that more than 100 inmates had access to his cell and questions the validity of the NIK testing.

### III.     Discussion

"In the prison disciplinary context, due process requires only that the prisoner receive advance written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline that is supported by 'some evidence' in the record." *Piggie*, 344 F.3d at 677 (internal citations omitted); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The "some evidence" standard is a low bar, which the Seventh Circuit has described as a "meager threshold." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) ("once the meager threshold has been crossed our inquiry ends"). The Court does not reweigh the evidence or determine credibility. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Nor does the Court "assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Instead, the "relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Id.* (quoting Hill, 472 U.S. at 455-56 (emphasis in original)). The evidence need not be sufficient to logically exclude any result except the one reached by the prison decision maker. *Viens v. Daniels*, 871 F. 2d 1328, 1334-35 (7th Cir. 1989). As such, this Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Com'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Further, only evidence that was presented to the hearing officer is relevant to the determination of whether there was "some evidence." *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992).

As an initial matter, during the disciplinary hearing, Petitioner did not raise any argument pertaining to (1) the validity of the NIK testing or (2) numerous inmates having access to his cell. As such, the Court deems these arguments waived. *See Hamilton v. O'Leary*, 976 F.2d 341 (7th Cir. 1992) (declining to consider argument where that argument was not presented during the disciplinary hearing). *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002) (due process does not require "the consideration of evidence that could have been but was not presented at the hearing"). The Court also finds that, to the extent Petitioner raises such an argument, the delay in receiving a written report of the DHO's findings does not amount to a due process violation. Although the DHO's written findings were not issued until approximately two months after Petitioner's hearing, Petitioner fails to show any prejudice he suffered as a result. Without a showing of prejudice, any alleged due process error is harmless. *See Jones v. Cross*, 637 F.3d 841, 847

(7th Cir. 2011) (offender suffered no prejudice so any conceivable due process error was harmless).

Finally, the Court finds that Petitioner's remaining claim, that the DHO's findings were not supported by sufficient evidence, is without merit. Here, the contraband was found in Petitioner's cell, which he shared with one other inmate. This amounts to constructive possession and is sufficient to sustain a disciplinary conviction. *See Hamilton v. O'Leary,* 976 F.2d 341, 345 (7th Cir.1992). Petitioner's constructive possession of the contraband, in addition to the NIK test results, is enough to constitute "some evidence" of guilt. The fact that Burns confessed, claiming Petitioner had no knowledge of the contraband, does not change this analysis. Despite the confession, it is still plausible that Petitioner had possession of the contraband. *See Giles v. Hanks,* 72 F. App'x 432, 434 (7th Cir.2003) (Even where one inmate claims ownership of contraband, "two individuals may exercise joint possession."); *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (under constructive possession rule, inmate is responsible for whatever is found in his cell); *Mason v. Sargent,* 898 F.2d 679, 680 (8th Cir.1990) (contraband charge supported by some evidence when petitioner and another inmate shared a locker and the other inmate admitted placing the contraband in the locker). In summary, the Court finds that the DHO's decision, which considered Petitioner's denial, Burns' statement, the incident report, the test results, and photographs, was supported by "some evidence." and did not violate Petitioner's due process rights. As such, Petitioner has failed to show that the process he received before losing good time credits was constitutionally inadequate.

## IV.     Conclusion

For the reasons set forth above, Petitioner Jason Parmeley's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED** (Doc. 1). This case is **DISMISSED** with prejudice and the Clerk is **DIRECTED** to close the case and enter judgment accordingly.

**SO ORDERED.**

Dated: September 25, 2023                                  /s *David W. Dugan*

 ────────────────────────────
 DAVID W. DUGAN
 United States District Judge